IN THE
 INDIANA SUPREME COURT

IN THE MATTER OF )
THE APPOINTMENT OF )
A JUDGE PRO TEMPORE IN ) Case No. 79S00-0201-MS-76 TIPPECANOE
SUPERIOR )
COURT NO. 2 )

 ORDER APPOINTING JUDGE PRO TEMPORE

 The Court has been advised of a vacancy in the office of judge of the
Tippecanoe Superior Court No. 2. This vacancy has arisen due to the death
of the elected judge, the Honorable George J. Heid.

 When a vacancy occurs in the office of judge of any court, the
Governor of Indiana shall fill the vacancy by appointment. Ind. Const.
art. V, § 18. An orderly operation of the judicial system requires,
however, that an interim judge pro tempore be appointed to serve until such
time as the Governor acts.

 Accordingly, in the interests of the continuing administration of
justice and pursuant to Trial Rule 63(B) and Criminal Rule 14 and the
Court’s inherent constitutional authority for managing the operation of the
judiciary, it is ordered that the Hon. David J. Crouse is appointed as
judge pro tempore in the Tippecanoe Superior Court No. 2. This appointment
is effective immediately and remains in effect until a successor judge is
appointed by the Governor, or elected in a general election, or until
further order of this Court.

 Indiana Code section 34-35-1-5 speaks of a procedure by which a county
sheriff may adjourn a trial court from day to day upon the death of a
judge, and whereby the county clerk, sheriff, auditor, and recorder may
elect an attorney to act as judge when the incumbent has failed to attend
or appear. However, that entire section, by its own terms, applies only
“if a judge is prevented from presiding . . . so that the court will
lapse.” Ind. Code § 34-35-1-5(a) (emphasis added). The statute, as
codified in 1881, contained essentially the same language. Acts 1881 (ss)
c. 38, s. 261 (“If during any session of court, by reason of death,
sickness or other casualty, any judge shall be prevented from presiding, so
that the court will lapse . . .”).

 “Lapse” is a word with many shades of meaning, but it might generally
be understood to mean to expire, pass away, fail, or fall from one status
to another, or to go out of existence entirely. See generally Black’s Law
Dictionary 885 (7th ed. 1999); Webster’s Third New International Dictionary
1272 (1967). Thus, by its own terms, Indiana Code section 34-35-1-5 is not
applicable because this is not a situation where Tippecanoe Superior Court
No. 2 will lapse in any meaningful sense of the word.

 There is no need to recite the vast changes in technology,
communications, and transportation that have occurred since the statute was
enacted 121 years ago. It is enough simply to note that the development of
multi-court counties, the creation of rules allowing cases to be reassigned
from one court to another, and the adoption of rules governing the
appointment of judges pro tempore to fill special needs, have made the
“lapsing” of a court an extraordinarily remote contingency.

 In the ordinary exercise of constitutionally vested judicial power,
the Supreme Court has the inherent authority to appoint judges pro tempore
to fill vacancies until the Governor makes an appointment, in order to keep
the judicial division of government fully functional. We find that Indiana
Code section 34-35-1-5 has no application because there is no risk of a
court lapsing.

 This order shall be sufficient authority for Judge David J. Crouse to
continue the employment of court personnel and otherwise discharge the
duties of judge of Tippecanoe Superior Court No. 2. Judge Crouse shall be
entitled to compensation for this service, paid by the State of Indiana,
computed at the same rate as the regular judge commencing from the date of
this order, pursuant to Trial Rule 63(D).

 The Clerk of this Court is directed to forward a certified copy of
this order to the Clerk of the Tippecanoe Superior Court, who is directed
to enter this order into the Record of Judgments and Orders. The Clerk is
further directed to send copies of this order to the Honorable David J.
Crouse; to the Division of State Court Administration, payroll department;
and to the Indiana Judicial Center.

 Done at Indianapolis, Indiana, this 28th day of January, 2002.

 ____________________________
 Randall T. Shepard
 Chief Justice of Indiana

All Justices concur.